**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cr-00295-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| ANDREA BURROW, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Andrea Burrow's (Defendant's) Motion for Compassionate Release, (ECF No. 189). Pursuant to this Court's General Order 2020-06, the Federal Public Defender's Office filed a Notice of Non-Supplementation, (ECF No. 191). The Government filed a Response, (ECF No. 193), and Defendant filed a Reply, (ECF No. 195).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

On August 12, 2020, Defendant pleaded guilty to one count of Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349. (*See* Mins. Proceedings, ECF No. 127); (J., ECF No. 184). On January 13, 2021, the Court sentenced Defendant to 36 months of custody, to be followed by 3 years of Supervised Release with special conditions. (*See* Mins. Proceedings, ECF No. 182); (J., ECF No. 184). Defendant is not currently in custody, but has a self-surrender date of April 16, 2021. (*See* J., ECF No. 184). Defendant now petitions this Court for compassionate release.

**II.    LEGAL STANDARD**

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing

court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A).  The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence.  18 U.S.C. § 3582(c)(1)(A).  The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.*  While there is no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed by the Bureau of Prisons, "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021).  Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Further, prior to reducing a sentence, U.S.S.G. § 1B1.13 directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.* The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines.  *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

### III. DISCUSSION

The Court reviews Defendant's request for compassionate release through a three-step process.  First, the Court determines whether Defendant exhausted her administrative remedies. If administrative remedies have been properly exhausted, the Court then assesses whether

Defendant's articulated grounds for release amount to "extraordinary and compelling reasons" as required by § 3582(c)(1)(A)(i).  Finally, the Court evaluates whether release is appropriate after considering the § 3553(a) factors.

### A. Exhaustion of Administrative Remedies

The Court considers a defendant to have fully exhausted the available administrative remedies for compassionate release if the defendant made a compassionate release request to the warden of her facility and thirty days have elapsed without a decision. 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGreggor*, No. 2:18-cr-244-JCM-DJA, 2020 WL 2308081, at *2 (D. Nev. May 8, 2020).  Here, Defendant neither provides evidence nor alleges that she has submitted a compassionate release request to the warden of her facility.  In fact, Defendant is not even currently in custody, and thus, petitioning the Court for compassionate release is premature.  Accordingly, Defendant has failed to exhaust her administrative remedies, and this Court lacks jurisdiction over the present Motion. *United States v. Noel*, No. 2:16-cr-00323-GMN-VCF, 2020 WL 6505039, at *5 (D. Nev. Nov. 5, 2020) ("Courts within this District have consistently held that the exhaustion requirement is mandatory and jurisdictional").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 189), is **DENIED**.

**DATED** this __15__ day of April, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court