UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>ANDREA BURROW,<br><br>           Defendant. | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER** |

Pending before the Court is Defendant Andrea Burrow's ("Defendant's") Motion for Compassionate Release, (ECF No. 221). Pursuant to this Court's General Order 2020-06, Defendant's appointed counsel filed a Supplemental Motion for Compassionate Release, (ECF No. 237). The Government filed a Response, (ECF No. 242), and Defendant filed a Reply, (ECF No. 246).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

On August 12, 2020, Defendant pleaded guilty to one count of Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349. (*See* Mins. Proceedings, ECF No. 127); (J., ECF No. 184). On January 13, 2021, the Court sentenced Defendant to 36-months' custody, to be followed by 3 years of Supervised Release with special conditions. (*See* Mins. Proceedings, ECF No. 182); (J., ECF No. 184). On April 16, 2021, Defendant self-surrendered and began serving her custodial sentence. (*See* J., ECF No. 184). Defendant now petitions this Court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), requesting either early release or home confinement for the remainder of her sentence. (Mot. Comp. Rel. 11:13–18, ECF No. 237).

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated that: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is currently no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed by the Bureau of Prisons, "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," and family circumstances whereby the defendant would be the only available caretaker for a minor child or spouse. However, post-*Aruda*, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," regardless of whether they are specifically enumerated in U.S.S.G. § 1B1.13. *Aruda*, 993 F.3d at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

The Court reviews Defendant's request for compassionate release through a three-step process. First, the Court determines whether Defendant exhausted her administrative remedies. If administrative remedies have been properly exhausted, the Court then assesses whether Defendant's articulated grounds for release amount to "extraordinary and compelling reasons" as required by § 3582(c)(1)(A)(i). Finally, the Court evaluates whether release is appropriate after considering the § 3553(a) factors.[1]

In the present case, Defendant successfully exhausted her administrative remedies by submitting a request to the Director of the Bureau of Prisons for sentence reduction based on the COVID-19 pandemic; the request was denied. (Mot. Comp. Rel. 3:13–19). Thus, the Court's inquiry will be limited to an analysis of extraordinary and compelling reasons and a consideration of the § 3553(a) factors.

### A. Extraordinary and Compelling Reasons

Defendant presents two arguments why extraordinary and compelling reasons favor a sentence reduction in her case: (1) the COVID-19 pandemic poses a severe risk to her health; and (2) she is the caretaker for her 93-year-old mother. The Court will discuss each in turn, but ultimately finds that neither argument presents extraordinary and compelling reasons for sentence reduction in this case.

#### 1. COVID-19

When considering "extraordinary and compelling reasons" for release based on a medical condition in light of the COVID-19 pandemic, courts have looked to the safety of the defendant's current detention institution compared to release, as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19. *See,*

---

[1] The Court must also consider applicable policy statements from the sentencing commission, but as discussed above, there is currently no applicable policy statement to consider. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

*e.g., United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *2 (D. Nev. June 3, 2020); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020).

Here, Defendant argues that she is at an increased risk for contracting COVID-19 due to her obesity (31.6 BMI), depression, anxiety, PTSD, and herpes. (Mot. Comp. Rel. 6:3–14, ECF No. 237). While the CDC reports that obesity and mental health conditions "can make you more likely to get very sick from COVID-19," Defendant also reports that she is fully vaccinated. *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019 -ncov/need-extra-precautions/peoplewithmedicalconditions.html?CDC_AA_refVal =https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2F groups-at-higher-risk.html; (Resp. 5:9–11, ECF No. 242). Courts have routinely denied COVID-19 inspired compassionate release motions based on the efficacy of vaccines. *See, e.g.*, *United States v. Thompson*, No. 2:16-cr-00230-GMN-DJA-1, 2021 U.S. Dist. LEXIS 106217, 2021 WL 2324498, at *2 (D. Nev. June 7, 2021); *see also United States v. Young*, No. 3:08-cr-00120-LRH-VPC, 2021 U.S. Dist. LEXIS 202102, 2021 WL 4899159, at *2 (D. Nev. Oct. 20, 2021) (finding extraordinary and compelling reasons do not exist for compassionate release because of COVID-19 vaccine efficacy). Because Defendant is fully vaccinated, her health conditions do not rise to the level of extraordinary and compelling reasons for compassionate release.

### 2. Caretaker

Defendant argues that extraordinary and compelling reasons favor a sentence reduction based on her family circumstances because Defendant takes care of her elderly mother. (Mot. Comp. Rel. 8:19–9:14); (Reply 5:21–9:7, ECF No. 246). Defendant explains that her 93-year-old mother relies on Defendant to bring her to doctor's appointments, pick up her medication,

and lift her out of the bathtub. (Mot. Comp. Rel. 9:6–11).  Defendant claims that since she has been incarcerated, her mother has fallen twice with no one to help her. (*Id.*).  The Government counters that Defendant has presented no evidence to demonstrate her mother's need for a caretaker. (Resp. 13:18–21, ECF No. 242).  Further, the Government argues that an elderly parent in need of assistance is not an extraordinary and compelling circumstance because that would then "apply to any inmate with a parent who is elderly and has health issues." (*Id.* 14:7–10).[2]

While the Court does not doubt that Defendant's elderly mother benefits from the assistance of a caretaker, Defendant has not shown that she is the sole person available to fill that role.  Defendant's mother herself reports that she also receives care and assistance from her son. (Letters at 54 of 68, Ex. A. to Sentencing Mem., ECF No. 156-1).  As such, the Court does not find extraordinary and compelling reasons to warrant a sentence reduction. *See United States v. Rahman*, No. 2:15-cr-00178-GMN-GWF, 2020 WL 5042782, at *3 (D. Nev. Aug. 24, 2020) (denying compassionate release when the defendant failed to demonstrate that he is the only available caregiver).

### B.  Section 3553(a) Factors

Even if Defendant could establish extraordinary and compelling reasons for release, the § 3553(a) factors still do not support a sentence reduction.  When assessing the § 3553(a) factors, district courts consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing

---

[2] The Government also argues that Defendant failed to administratively exhaust her claim for sentence reduction based on family circumstances. (Resp. 12:6–13:17, ECF No. 242).  However, because the Court finds that Defendant's family circumstances do not rise to the level of extraordinary and compelling reasons for release, it need not reach the issue of whether Defendant's exhaustion of the COVID-19 ground for sentence reduction also applies to the family circumstances ground.

Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)–(7).

Here, Defendant's sentencing guideline range was between 57 and 71 months' custody, and the probation office recommended a low-end sentence of 57 months. (*See* PSR at 26). However, taking into account Defendant's minor role in the non-violent offense, lack of documented criminal record, and history of domestic abuse, the Court imposed a below-guideline sentence of 36 months. (Mins. Proceedings, ECF No. 182). Defendant commenced her custodial sentence on April 16, 2021, and she has an expected release date of November 4, 2023. (Mot. Comp. Rel. 2:10–12). At present, Defendant has only served 14 months, or less than 40%, of her custodial sentence. Given that the Court gave Defendant a generous below-guideline range sentence, even though she spent years participating in a scheme to defraud innocent and vulnerable victims out of at least $9 million, the need for Defendant's remaining sentence persists. As the Court stated during the sentencing hearing, "a sentence of 12 months and 1 day would be far too little for the offense," and the same is true for a mere 14 months.[3] (Hearing Tr. 11:50:34–11:53:20). Further, the Court remarked that a sentence of 36 months was already "a lenient" one. (*Id.* 11:55:40–11:55:51). Therefore, the Court does not find a reduction of Defendant's custodial sentence to be supported by the § 3553(a) factors at this time.

//
//
//
//

---

[3] At sentencing, Defendant requested a sentence of 12 months and 1 day, which would have been an 80% decrease from the low-end of the guideline range. (Sentencing Memorandum 1:15–18, ECF No. 156).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF Nos. 221 and 237), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Seal, (ECF Nos. 238 and 249), are **GRANTED**.[4]

**DATED** this __27__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[4] Defendant requests that the Court seal her confidential medical records. Accordingly, the Court finds good cause to seal the record. *See, e.g.*, *Johnson v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding the plaintiff's "privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves").